IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                        Case No. 4:11-cr-00062BRW-1

JASON BARNWELL                                                          DEFENDANT

## BRIEF IN SUPPORT OF MOTION FOR
## AMENDMENT OF THE ORDER OF DETENTION

Defendant Jason Barnwell filed a Motion for Amendment of the Order of Detention entered herein by U.S. Magistrate Judge Beth Deere on March 25, 2011, and acquiesced to by Magistrate H. David Young at Plea and Arraignment on April 28, 2011, denying his request for his release.

There are conditions which could reasonably assure the safety of the community if he were to be released. *See* 18 U.S.C. §3142.  These conditions include: (1) that the Defendant refrain from violating any Federal law, State law, or local ordinance; (2) that the Defendant refrain from the use of alcohol, illegal drugs or other mind altering substances not prescribed by a physician; (3) that the Defendant refrain from associating with skinheads, Neo Nazis, or other radical fringe groups; (4) that the Defendant be subject to electronic monitoring and to home detention if the Court deems such necessary; and, (5) that the Defendant not possess any firearms, and that no other persons possess firearms in the residence where he remains. Defendant Jason Barnwell (hereinafter "Mr. Barnwell") states in support of his Motion the following:

**1. The Facts**

Mr. Barnwell was initially charged in a criminal complaint with: (1) conspiracy to deprive another of civil rights in violation of 18 U.S.C. §241; (2) interference with housing rights in

violation of 42 U.S.C. §3631; (3) use of a fire in the commission of a felony in violation of 18 U.S.C. §844(h); and, (4) possession of an unregistered destructive device in violation of 26 U.S.C. §5861(d).  The alleged incident involved throwing a Molotov Cocktail into the residence of an interracial couple in Sharp County, Arkansas on January 14, 2011.

A detention hearing was held on March 22, 2011. At the conclusion of the detention hearing, U.S. Magistrate Judge Beth Deere determined that no set of conditions which could assure the safety of the community if Mr. Barnwell was released on bond. Therefore, the Mr. Barnwell was remanded to the custody of the United States Marshal for detention.

Thereafter, on April 6, 2011 an Indictment was formally filed against Mr. Barnwell and five other co-defendants.  The Indictment included the same four charges as in the criminal complaint and added two other charges: (1) penalty enhancement for use of a destructive device in further of alleged crimes of violence in violation of 18 U.S.C. §924(c)(1)(B)(ii); and, (2) felon in possession of a firearm in violation of 18 U.S.C. §922(g).  Mr. Barnwell was scheduled for Plea and Arraignment on the Indictment for April 28, 2011 in front of U.S. Magistrate Judge H. David Young.  Upon information and belief, Mr. Barnwell anticipated a new detention hearing by Magistrate Young on April 28, 2011.  However, Magistrate Young acquiesced to Magistrate Deere's previous determination with regarding to detention of Mr. Barnwell without conducting further inquiry or hearing on the subject.

**2. Applicable Law**

Applicable statute, 18 U.S.C. §3142(b) provides that "the judicial officer shall order the pretrial release of the person on person recognizance or upon execution of an unsecured appearance bond in an amount specified by the Court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release, and subject to the condition that the person cooperate in the collection of a DNA sample form the person if the collection of

such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. §14135a), unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

The standard of review in district court, while not set forth in the statute, is generally applied such that the district court makes its own independent conclusions and review the magistrate's finding *de novo*. However, the Eight Circuit treats appeals under §3145 as mixed questions of law and fact, reviewing purely factual questions for clear error, reserving *de novo* review for purely legal issues, and determining the standard for mixed questions to the degree that legal or factual disputes are implicated. *United States v. Cervantes*, 951 F.2d 859, 861 (8th Cir. 1992) (refusing to defer to district court determination that defendant would appear); *United States v. Cantu*, 935 F.2d 950 (8th Cir. 1991) (clearly erroneous standard applies to factual findings but independent review of ultimate conclusion is required).

### 3. Defendant's Contention

Mr. Barnwell respectfully submits that the U.S. Magistrate erred in finding that no set of conditions could reasonably assure the safety of the community, namely African American individuals, if Mr. Barnwell was released on bond.

### 4. Argument

The FBI agent admitted that there have been no further threats to the victims of the alleged crime since the incident in question. During the two-month period while the FBI was investigating the incident, Mr. Barnwell did not act in a way that would cause additional concern to the public at large or to any specific sector of citizens, such as African Americans. Ms. Treybig testified that Mr. Barnwell stays at the home working in the home and around in the yard the majority of the time. Conversely, the alleged victims had gone to the grocery store where co-defendant and girlfriend

Wendy Treybig works and obtained her work scheduled causing her to have such fear for her safety that she missed a week of work per the local Sheriff's suggestion.

In the case of *United States* v. *Gray,* 651 F. Supp. 432 (W.D. Ark. 1987), the Defendant Gray was charged in a twelve count indictment with a number of offenses resulting from his alleged attempt to have a man suspected of having an affair with Gray's wife murdered. Two days after the federal indictment was handed down, the U.S. Magistrate Judge ordered the Defendant detained prior to trial. The Defendant moved for revocation or amendment of the detention order. Judge Waters overturned the Magistrate's detention order and ordered Mr. Gray released pending trial. In reaching that decision, Judge Waters noted that for several months pending his release on related state charges, there was no credible evidence that Mr. Gray harmed or attempted to harm any individual. *United States* v. *Gray,* 651 F. Supp. 432, 438 (W.D. Ark. 1987). Likewise, in the present case, there is no evidence at all that Mr. Barnwell attempted to harm or threatened to harm any individual after the alleged incident on January 14, 2011, some two months before he was arrested.  In Mr. Barnwell's case, the evidence does not rise to the level that an impartial fact finder could find that there were no set of conditions which would protect the public.  In other words, the Magistrate allowed the FBI agent's unrestrained testimony regarding Mr. Barnwell's prior conduct in North Carolina in 2005[1], some six years ago, his past and present affiliations with skinhead or white power organizations, his personal reading material, visible tattoos on his person, and her personal disgust at his unpopular and nonconforming views towards race in finding that Mr. Barnwell was a danger to the African American community.

---

[1]   The incident that occurred in North Carolina resulted in misdemeanor convictions, not violent felony convictions.

While hearsay is admissible in a detention hearing, this hearsay account of an event which occurred six years ago, in another state, at a different time in Mr. Barnwell's life, hardly suggests that Mr. Barnwell is a danger to the community in which he now lives.  If he were to be released, Mr. Barnwell would be under intense scrutiny by the U.S. Probation Officer, by law enforcement officers in general including, but not limited to, the FBI.

If he were to be released, Mr. Barnwell would reside with his girlfriend, Wendy Treybig, at their home in Evening Shade, Arkansas.  Mr. Barnwell would agree as a condition of release to submit to electronic monitoring or to be restricted to home detention.  Because of the couples' limited income or financial resources, the home detention would still provide him with the opportunity to continue with carpentry and gardening projects in and around the immediate vicinity of the home.  With exception of his girlfriend, Wendy Treybig, with whom he lives, Mr. Barnwell has no intention and would readily agree not to have any contact with the alleged victims, with the governments' cooperating witnesses, with co-defendant Dodson, or with any person known to be involved or suspected to be involved with the attack in question.

Mr. Barnwell submits that a combination of electronic monitoring, home detention, restriction from communication with victims, cooperating witnesses, and co-defendants, restriction from the use of alcohol or illegal drugs, and restriction from committing any crimes against Federal laws, State laws, or local ordinances, would reasonably assure the safety of any other person and the community. 18 U.S.C. §3142.  As the Magistrate correctly stated, there is no showing that Mr. Barnwell is a flight risk.  The Defendant is indigent and has no means to leave the jurisdiction of the Court.

## CONCLUSION

For all of the above stated reasons, Defendant Jason Barnwell respectfully prays that the District Court overturn the detention order of the U.S. Magistrate Judge, and acquiesced to by U.S. Magistrate Judge H. David Young at Plea and Arraignment on April 28, 2011, and Order his release pending trial upon conditions as the Court deems necessary and proper.

                                       Respectfully submitted,

                                       JASON BARNWELL

By:   **/s/ Misty Wilson Borkowski**
        Misty Wilson Borkowski   # 97004
        JAMES, CARTER & COULTER, PLC
        500 Broadway, Ste. 400
        Little Rock, AR  72201
        (501) 372-1414
        (501) 372-1659 (facsimile)
        mborkowski@jamescarterlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I filed this pleading with the Clerk of the U.S. District Court through the Electronic Case Filing System on this 9th day of May, 2011, which will serve it electronically upon Ms. Jane W. Duke and Mr. John Ray White, Assistant U.S. Attorneys, and Mr. Henry C. Leventis, Trial Attorney to the U.S. Department of Justice, Civil Rights Division.

                                      **/s/ Misty Wilson Borkowski**
                                      Misty Wilson Borkowski