Count XA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:11 CR00062 BRW |
| | ) | |
| JASON BARNWELL | ) | |

U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
**FILED**

AUG 2 6 2011

IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: _____
DEPUTY CLERK

**PLEA AGREEMENT**

The United States Attorney for the Eastern District of Arkansas, Christopher R. Thyer, by and through John Ray White, Assistant United States Attorney, the Assistant Attorney General for the Civil Rights Division of the Department of Justice, Thomas E. Perez, by and through Henry Leventis and Patricia A. Sumner, Trial Attorneys (hereinafter "the United States"); and JASON BARNWELL, defendant (hereinafter "the defendant"), represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above-referenced proceedings.

1.  **GUILTY PLEA:** The defendant will enter a plea of guilty to (1) Conspiracy Against Rights, a violation of Title 18, United States Code, Section 241, as set forth in Count One of the Indictment; (2) Use of Fire During the Commission of a Felony, a violation of Title 18, United States Code, Section 844(h), as set forth in Count Four of the Indictment; and (3) Felon in Possession of a Firearm (Armed Career Criminal), a violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1), as set forth in Count Seven of the Indictment. Following the Court's acceptance of the defendant's guilty plea, the United States will move the Court to dismiss any remaining counts in the Indictment against the defendant. This plea agreement is entered under Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

2. **ELEMENTS OF THE CRIME:** The parties agree that the elements of the offenses to which the defendant will plead guilty are:

**COUNT ONE – Conspiracy Against Rights:**

    a) A conspiracy existed which the defendant joined;

    b) The object of the conspiracy was to injure, oppress, threaten or intimidate a person or persons in the free exercise or enjoyment of a right protected by the Constitution or laws of the United States, that is, the right to occupy a dwelling free from injury, intimidation, and interference based on race; and

    c) The defendant acted willfully.

**COUNT FOUR – Use of Fire During the Commission of a Felony**

    a) The defendant or an accomplice used fire to commit a felony which may be prosecuted in a court of the United States;

**COUNT SEVEN – Felon in Possession of a Firearm (Armed Career Criminal)**

    a) The defendant knowingly possessed a firearm;

    b) At the time the defendant possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

    c) The firearm was shipped or transported in interstate or foreign commerce.

    d) At the time the defendant violated 18 U.S.C. § 922(g), the defendant had three previous convictions by any court referred to in 18 U.S.C. § 922(g)(1) for a violent felony or drug offense or both; and

    e) The underlying violent felonies or drug offenses were committed by the defendant on occasions different from one another.

The defendant agrees that he is guilty of each of these offenses and that each of these

elements is true.

3. **PENALTIES**:

A. **STATUTORY PENALTIES**: The defendant acknowledges that the maximum penalty for Count One is 10 (ten) years imprisonment, a $250,000 fine and not more than 3 years supervised release   The defendant acknowledges that the penalty for Count Four is 10 (ten) years imprisonment.  The defendant acknowledges that the minimum penalty for Count Seven is 15 (fifteen) years and the maximum is life imprisonment, and not more than a $250,000 fine.

B. **SUPERVISED RELEASE**: Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **WAIVERS**: The defendant acknowledges that he has been advised of and fully understands the nature of the charges to which the plea pertains, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.  The defendant further understands that by entering into this Agreement, he is waiving certain constitutional rights, including, without limitation, the following:

(a) The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

(b) The right to be presumed innocent and to have the burden of proof placed

on the United States to establish guilt beyond a reasonable doubt;

(c) The right to confront and cross examine witnesses;

(d) The right to testify in his own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant;

(e) The right to call witnesses and to require those witnesses to appear by issuing subpoenas;

(f) Even after a plea of guilty, a Fifth Amendment right against self-incrimination as to some matters relevant to the defendant's own sentencing.

(g) Any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement;

(h) Any and all challenges to the searches, seizures, arrests and statements that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought, and,

(h) Any right to appeal the Court's entry of judgment against the defendant.

The defendant acknowledges that these waivers shall result in the dismissal of any appeal the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the United States, be remanded to the district court to determine whether the defendant

is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

5. **STIPULATIONS:** The United States and the defendant stipulate to the following:

    A. The defendant's base offense level for Count One should be determined under Section 2H1.1 of the United States Sentencing Guidelines (USSG).

    B. The defendant's offense level for Count One should be increased by 3 levels pursuant to Section 3A1.1(a) of the USSG.

    C. The defendant's offense level should be increased by 2 levels pursuant to Section 3B1.1(c) of the USSG.

    D. The defendant's guideline sentence for Count Four should be determined under Section 2K2.4(a) of the USSG, which provides that the guideline sentence is the term of imprisonment required by statute.

    E. The defendant's offense level for Count Seven should be determined under Section 4B1.4 of the USSG.

    F. The defendant acknowledges that, pursuant to Section 4 above, he waives any and all challenges to the searches, seizures, arrests and statements that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought. Defendant will assist in executing any requested waiver of challenge and relinquishment of rights to any and all assets that have been seized to date in this investigation by any participating agency or department, in any forum where the forfeiture may be sought.

G.     The defendant is eligible for a 2 level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) of the United States Sentencing Guidelines unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or greater and the defendant does not take any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility, the determination of whether the defendant is eligible for a third point reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

The parties understand that the Court is not bound by these stipulations. The defendant further understands that if the Court does not accept the stipulations, the defendant is not entitled to withdraw the guilty plea or otherwise be released from the defendant's obligations under this Agreement.

6.     **SENTENCING GUIDELINES**: It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory but are advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement, based upon the actual

sentence imposed by the Court. The parties understand and agree that if the sentencing range is greater or less than the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement.

7. **ALLOCUTION**: At the time of sentencing, the United States reserves the right to bring to the Court's attention any and all facts, as deemed appropriate by the United States.

8. **COOPERATION IN THE SENTENCING PROCESS**:

    A. The defendant agrees to provide truthfully all information to the Probation Office as needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

    B. The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

    C. The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

    D. The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9. **FINANCIAL MATTERS**:

A. **FINANCIAL STATEMENT**: The defendant agrees to fully and truthfully complete a Financial Statement provided by the Probation Office.

B. **FINES**: The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine, the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

C. **SPECIAL PENALTY ASSESSMENT**: The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court."

D. **RESTITUTION:** The parties state that restitution may be appropriate and required to compensate for property damage caused by the defendant's joint actions with his co-conspirators.

10. **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas and the Civil Rights Division of the Department of Justice will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Indictment, which is the subject of this action, unless the defendant breaches this Agreement and Addendum.

11. **RECORDS:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the

Privacy Act of 1974, 5 U.S.C. Section 552a.

12. **CIVIL CLAIMS BY THE GOVERNMENT:** Except to the extent otherwise expressly specified herein, this Agreement does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters.

13. **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT:**

   A. The defendant acknowledges and understands that if he violates any term of this Agreement, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

   (1) terminate this Agreement; or

   (2) proceed with this Agreement and

   (a) deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement; and/or

   (b) advocate for any sentencing enhancement that may be appropriate.

   B. In the event the United States elects to terminate this Agreement, the United States shall be released from any and all obligations hereunder. The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter. If this Agreement is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges that were not filed because of this Agreement.

   C. The defendant hereby knowingly and voluntarily waives any defense based

upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement.

    D. In the event that the Agreement is terminated or if the defendant successfully moves to withdraw his plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement:

      (1) may be used to cross-examine the defendant should he testify in any subsequent proceeding; and/or

      (2) any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary.

  14. **PARTIES:** This Agreement is binding only upon the United States Attorney's Office for the Eastern District of Arkansas, the Criminal Section of the Civil Rights Division of the Department of Justice, and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

  15. **MISCELLANEOUS:**

    A. <u>MODIFICATION</u>: No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

    B. <u>HEADINGS AND CAPTIONS:</u> Subject headings and captions are

included herein for convenience purposes only and shall not affect the interpretation of this Agreement.

C. <u>WAIVER:</u> No waiver of a breach of any term or provision of this Agreement shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

D. <u>RIGHTS AND REMEDIES CUMULATIVE</u>: The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement by the defendant.

E. <u>JOINT NEGOTIATION</u>: This Agreement has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement, but instead shall be interpreted according to the application of the general rules of interpretation for arms length agreements.

16. **NO OTHER TERMS:** This document reflects completely all promises, agreements and conditions made between the parties, constitute the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

17. **APPROVALS AND SIGNATURES**:

A. <u>DEFENDANT</u>: The defendant has read this Agreement and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and condition of this Agreement. Further, the defendant has consulted with his attorney

and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement. The defendant further acknowledges that he has entered into this Agreement, consciously and deliberately, by his free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement constitutes the legal, valid and binding obligation of the defendant, fully enforceable against the defendant in accordance with its terms. The defendant is satisfied with the representation of his attorney in this matter.

    B. <u>DEFENSE COUNSEL</u>: Defense counsel acknowledges that she is the attorney for the defendant, and that she has fully and carefully discussed every part of this Agreement with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement, including the possible consequences of not complying with this Agreement. To defense counsel's knowledge, the defendant's decision to enter into this Agreement is an informed and voluntary decision.

DATED this 26th day of August, 2011.

                        CHRISTOPHER R. THYER
                        United States Attorney

                        By: _____
                        JOHN RAY WHITE (AR Bar # 91003)
                        Assistant United States Attorney
                        Post Office Box 1229
                        Little Rock, Arkansas 72203
                        (501) 340-2600
                        john.white2@usdoj.gov

                        THOMAS E. PEREZ
                        Assistant Attorney General
                        United States Department of Justice
                        Civil Rights Division

                        By: _____
                        HENRY C. LEVENTIS (SC Bar # 71618)
                        PATRICIA SUMNER (Member Md. Bar)
                        Trial Attorneys
                        950 Pennsylvania Avenue, NW - PHB 5340
                        Washington, District of Columbia 20530
                        (202) 514-5253
                        henry.leventis@usdoj.gov

_____
JASON BARNWELL
Defendant

_____
MISTY BORKOWSKI
Attorney for Defendant