IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF

VS.                  NO. 4:11CR00062-01 (BRW)

JASON WALTER BARNWELL                               DEFENDANT

### LEGAL MEMORANDUM IN OBJECTION TO
### CALCULATION OF SENTENCING GUIDELINES FOR COUNT ONE

Appointed counsel, Misty Wilson Borkowski, on behalf of Jason Walter Barnwell respectfully submits the following legal arguments in support of objections to the calculation of the sentencing guidelines with regard to Count One:

1. **Presentence Investigation Report ("PSR"):** In addition to two other counts, Jason Walter Barnwell entered a plea of guilty to Count One, in violation of 18 U.S.C. §241, a conspiracy to deprive another of civil rights. Paragraph Seventeen (Draft No. 2) of the PSR states the following:

> "**Base Offense level:** the U.S.S.C. guideline for violation of 18 U.S.C. §241 is found in U.S.S.G. §2.H1.1.  U.S.S.G. §2H1.1(a)(1) establishes the offense level from the offense guideline applicable to any underlying offense. <u>The guideline for the underlying offense, arson, is found in U.S.S.G. §2K1.4.  U.S.S.G. §2K1.4 (a)(1) establishes a base offense level of 24.</u>  (Emphasis added)

2. **Federal Sentencing Guidelines Manual, Vol. 1 (2011 Edition)**: In determining the proper offense conduct guideline within Chapter Two, Appendix A, references that violations for 18 U.S.C. §241 may be found in U.S. Sentencing Guidelines ("U.S.S.G.") §§2H1.1, 2H2.1, or 2H4.1.  As the later two sections references are not applicable to this case, the proper section to apply is found at 2H1.1(a), which involves offenses involving individual rights and provides as follows:

(a) Base Offense Level (Apply the Greatest):

(1) The offense level from the offense guideline applicable to any underlying offense;

(2) **12**, if the offense involved two or more participants;

(3) **10**, if the offense involved (A) the use or threat of force against a person; or (B) property damage or the threat of property damage; or

(4) **6**, otherwise.

3. **Application of Sentencing Guidelines to Count One**: As noted in Counsel's Objection Letter dated December 13, 2011 (albeit submitted at 11:49 p.m., the "technical" end of the day), the Defendant has objected to several of the numbered paragraphs in the PSR that reference the application of "arson" or "attempted arson" as the underlying felony in applying U.S.S.G §2H1.1(a). Defendant notes that the underlying offense was the civil rights violation, not attempted arson. Defendant was not charged, nor did he enter a plea of guilt, to attempted arson or arson. As such, it is Defendant's position that §2H1.1(a)(2) or (3) should apply instead in determining the Base Offense Level.

4. **Application of the Sentencing Guidelines to Count One:**

   a. Application of U.S.S.G. §1B1.2:

The U.S. Probation Office's PSR in Paragraph 11 states the following:

Pursuant to U.S.S.G. §1B1.3(a), the defendant should be held responsible for all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused. This will include the dismissed counts. As referenced in paragraphs 6 through 9, the underlying offense was an attempted arson.

Defendant's objection to this section of Paragraph 11 was two fold: (a) the inclusion of dismissed counts is not supported by the language of §1B1.3 or its Application Notes; and (b) the conclusion that the underlying offense was an attempted arson is erroneous.

Although the first sentence quoted above correctly recites §1B1.3(a)(1)(A), it is not the proper first step in determining the applicable section of Chapter Two with regard to Count One. Instead of applying §1B1.2 regarding "Applicable Guideline", the PSR skips to §1B1.3 regarding "Relevant Conduct." The procedure for determining the applicable section in Chapter Two is clearly explained in *United States v. Casey*, 158 F.3d 993, 995 (8th Cir. 1998), to wit:

> The first step in application of the guidelines is determining which offense guideline section covers the offense of conviction. *See* U.S.S.G. § 1B1.2(a); *see also United States v. Street*, 66 F.3d 969, 979 (8th Cir. 1995). The offense guideline section is the foundation of the sentence. *See United States v. Saavedra,* 148 F.3d 1311, 1314 (11th Cir. 1998). Because it channels the remainder of the sentencing process, selection of the correct offense guideline section is critically important. *Id.* In order to correctly determine the applicable offense guideline, a sentencing court must identify "the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction." U.S.S.G. § 1B1.2(a).
>
> [* * *]
>
> The sentencing court is then directed to "use the guideline section from Chapter Two most applicable to the offense of conviction" and advised that "[t]he Statutory Index (Appendix A) provides a listing to assist in this determination." U.S.S.G. § 1B1.2, comment (n.1). That listing cross-references federal statutory offenses to the various guideline sections. FN3 See U.S.S.G. App. A.

Using the above methodology is how the PSR correctly cross references the federal statutory offense and locates that applicable guideline section, §2H1.1. However, this is where the calculation in the PSR diverges.

U.S.S.G. §1B1.2 is required for determining what the "offense of conviction" is. As was pointed out in *Casey*, 158 F.3 at 995, in §1B1.2(a), "[t]he offense of conviction is defined as 'the offense conduct charged in the count of the indictment or information of which the defendant was convicted.'" The Eighth Circuit opinion in *Casey* explains the application and limited exception set forth in §1B1.2.

> There is one limited exception to the general rule that the offense conduct for guideline purposes is that charged in the indictment: "Provided, however, in the

3

case of a plea agreement (written or made orally on the record) containing a stipulation that specifically establishes a more serious offense than the offense of conviction, determine the offense guideline section in Chapter Two most applicable to the stipulated offense." U.S.S.G. §1B1.2(a). In reference to that limited exception, Appendix A further provides: "If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted. (See §1B1.2)."

*Casey*, 158 F.3d at 994.

In *Casey*, Mr. Casey was charged and entered a guilty plea to one count of bank theft in violation of 18 U.S.C. § 2113(b); two counts of counterfeiting in violation of 18 U.S.C. § 472; and one count of access device fraud in violation of 18 U.S.C. § 1029(a)(2) and (b)(1). *Id.*, at 995. The PSR recommended that Mr. Casey's offenses be grouped together resulting in a sentence of six to twelve months to which the government objected and moved for an upward departure. *Id.* The district court declined to depart upward, instead stating that the bank theft should properly be viewed as a burglary, an offense that would not be grouped with counterfeiting and fraud under section 3D1.1. *Id.*

In *Casey*, the Eighth Circuit refused to find that the case was an "atypical case"; finding instead that, "[t]he only unusual circumstance in this case is that the prosecutor charged the defendant under, and exacted a guilty plea to, a criminal statute having a less harsh punishment than he might have." *Id.* at 996. In doing so, the Eighth Circuit explained:

> We thus do not interpret the "atypical case" exception, if it exists, to mean that whenever a defendant's total criminal conduct includes some acts that would constitute an offense more serious than the offense of conviction, the guideline for the more serious offense may be used. *See* [*United States v. Elefant*, 999 F.2d 674, 677 (2d Cir. 1993).] To account for such more serious conduct, the Sentencing Guidelines unquestionably allow the sentencing judge to consider conduct from uncharged or dismissed counts for certain purposes. *See United States v. Harris*, 70 F.3d 1001, 1003 (8th Cir. 1995). Such conduct can factor into the offense level as a specific offense characteristic (including a victim-related or role-in-the-offense adjustment), *see id.*; as "relevant conduct" under section

4

> 1B1.3, *see United States v. Galloway*, 976 F.2d 414, 422-24 (8th Cir.1992) (en banc); as conduct justifying the use of a more serious criminal history category under section 4A1.3(e), *see Harris,* 70 F.3d at 1003-04; or as an aggravating circumstance warranting an upward departure under 18 U.S.C. § 3553(b), see *United States v. Washington*, 109 F.3d 459, 462-63 (8th Cir. 1997).

*Casey*, 158 F.3d at 996-97. Finding not stipulating to justify the application of §1B1.2, the Eighth Circuit concluded that the district court erred in applying the sentencing guidelines for burglary in sentencing Mr. Casey to eighteen months' imprisonment, as opposed to the PSR calculation for six to twelve months. *Id.* The case was reversed and remanded for resentencing.

In the case at hand, when Mr. Barnwell entered into a plea of guilt the Plea Agreement contained no stipulation that specifically establishes a more serious offense than the offense of conviction. This is not the rare instance that warrants an "atypical case", thus application of §1B1.2 to assert that arson is properly considered an "offense of conviction" is improper and erroneous application of the sentencing guidelines with regard to Count One.

    b.  <u>Application of §2B1.1(a):</u>

Finally, the main focus and issue of contention in Defendant's objection to the PSR is the incorrect application of §2H1.1 in calculating the guideline range for Count One.

Application Note 1 to §2H1.1(a)(1) states that:

> "Offense guideline applicable to the underlying offense" means the offense guideline applicable to any conduct established by the offense of conviction that constitutes an offense under federal, state, or local law (other than an offense that is itself covered under Chapter Two, Part H, Subpart 1).

Defendant continues to assert that the "offense of conviction" is the civil rights violation, not attempted arson. In fact, other 8th Circuit cases have applied 2H1.1 in hate-based crimes by calculating the base offense level on subsections (2) or (3). For example, in *United States v. Weems*, 517 F.3d 1027 (8th Cir. 2008), three men were involved in a cross burning incident. Two were subsequently convicted by a jury of conspiring to threaten and intimidate an African-

American man in the exercise of his housing rights because of his race, in violation of 18 U.S.C. § 241. The third man entered a guilty plea to the offense. *Id.* The sentencing guidelines used in calculating the base offense level for the men were at level 12. *Id.* Although the Eighth Circuit vacated the sentences and remanded for resentencing, it was based upon the district court's failure to properly calculate the sentencing guideline for two of the co-defendants based upon the determination by the jury that they selected the victim because of his race, thus, the district court should have applied the three-level enhancement when calculating the correct guidelines range. *Id*. at 1030.

     5. **CONCLUSION**: Based upon the facts and circumstances of this case, the Defendant asserts that in determining the proper sentencing guideline with regard to Count One, the PSR should be revised to have base offense level of 12.

                                    Respectfully submitted,

                                    **Jason Walter Barnwell, Defendant**

                                    By:  **/s/ Misty Wilson Borkowski**
                                       Misty Wilson Borkowski (Ark. Bar No. 97004)
                                       mborkowski@jamescarterlaw.com
                                       James, Carter & Coulter, PLC
                                       500 Broadway, Ste. 400
                                       Little Rock, Arkansas 72201
                                       Phone:  501-372-1414
                                       Fax:  501-372-1659

## **CERTIFICATE OF SERVICE**

I, Misty Wilson Borkowski, certify that the above and foregoing *Legal Memorandum In Objection To Calculation Of Sentencing Guidelines For Count One* was served upon the following attorneys of record for Plaintiff via direct e-mail on this 20th day of December, 2011.

John Ray White
Assistant United States Attorney
U.S. Attorney General's Office
Eastern District of Arkansas
P.O. Box 1229
Little Rock, AR 72203

**/s/ Misty Wilson Borkowski**
Misty Wilson Borkowski
mborkowski@jamescarterlaw.com